**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § | Case No. 6:20-cv-00923-ADA |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| NEC CORPORATION, | § § § | |
| Defendant. | § § § § | |

## PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff or "Brazos"), files this Motion and respectfully seeks leave to serve the summons and complaint on Defendant NEC Corporation ("Defendant" or "NEC Corporation") through its U.S. Counsel and/or on its U.S. subsidiary as follows:

## I.    BACKGROUND

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a Delaware limited liability corporation organized with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701. DE 1 at ¶ 1.

Defendant NEC Corporation is a Japanese corporation with a principal place of business located at 7-1, Shiba 5-chome Minato-ku, Tokyo 108-8001, Japan. On information and belief, Defendant acts in concert to make, use, test, sell, offer for sale, market, and/or import the accused products into the United States, the State of Texas, and this judicial district. *Id.* at ¶¶ 2, 5, 11.

On October 7, 2020, Plaintiff filed a complaint in this Court alleging claims for patent infringement against Defendant. *Id*. Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing previous U.S. counsel for Defendant: Mr. Michael E. Jones, mikejones@potterminton.com and Mr. Brian Paul Gearing, bgearing@crowell.com. Messrs. Jones and Gearing represented Defendant in the United States as recently as September 2, 2020 and are members of Potter Minton and Crowell & Moring law firms, respectively. *See* Group Exhibit A, Notices of Attorney Appearance. Plaintiff also respectfully requests, as an additional method, or in the alternative, for leave to effect service upon Defendant through Defendant's U.S. subsidiary NEC Corporation of America at 3929 W John Carpenter FWY, Irving, TX 75063-2909.

## II.    EVIDENCE

Plaintiff attaches as Group Exhibit A Notice of Appearance of Michael E. Jones and Notice of Appearance of Brian Paul Gearing, executed on April 28, 2020 and April 29, 2020, respectively, by Messrs. Jones and Gearing, respectively, attorneys with Potter Minton PC and Crowell & Moring LLP in *Terrestrial Comms LLC v. NEC Corporation*, Case No. 6:20-cv-00096-ADA (W.D.T.X.).

Plaintiff attaches Exhibit B the Texas Comptroller Public Accounts search results for NEC Corporation of America showing its address in Texas. *See* Ex. B (https://mycpa.cpa.state.tx.us/coa/coaSearchBtn#).

## III.    LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), serving a domestic or foreign corporation, or a partnership or other unincorporated incorporation "at a place not within any judicial district of the United States" must be done "in any manner prescribed

by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service." Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 1, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13 (citing *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). *Id*. at 2 (citing *Rio Properties, Inc*., 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end, the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Additionally, district courts have routinely allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[1]

---

[1] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig*., 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.,*

## IV.    ARGUMENT AND AUTHORITIES

### A.    Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendant using the following method: via email on Messrs. Michael E. Jones, mikejones@potterminton.com and Brian Paul Gearing, bgearing@crowell.com. These individuals represented Defendant in the United States as recently as September 2, 2020 and are members of members of Potter Minton and Crowell & Moring law firms, respectively.

Plaintiff, either in the alternative or as an additional means of service, seeks to serve U.S. subsidiary of NEC Corporation, NEC Corporation of America, by a known mail delivery provider with signature and return of receipt, such as Federal Express.

In the present case, either of Plaintiff's requested methods of service, on their own, is sufficient to satisfy due process. Together, the methods will be more than sufficient to (more than) reasonably inform NEC Corporation of this action and to provide an opportunity to defend against it.

### B.    Alternative service of process is justified for Defendant.

Defendant is an entity organized and existing under foreign laws: NEC Corporation, DE 1 at ¶ 2. The Hague Convention—nor any other international agreement—does not prohibit service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13.

Furthermore, serving Defendant through alternative means is justified because the proposed method "will provide reasonable notice and an opportunity to be heard." *Id.* at 3 (citing

---

No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

*Affinity Labs of Texas, LLC v. Nissan N. Am., Inc.*, No. WA:13-CV- 369, 2014 WL 1132502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314)). Several courts, including this Court, have permitted effecting service of process upon companies via email. In *Terrestrial Comms LLC v. NEC Corporation*, this Court reasoned that email service upon counsel for NEC Corporation was authorized because "[d]istrict courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *See Terrestrial Comms LLC v. NEC Corporation*, 6:20-cv-00096-ADA (W.D. Tex. June 24, 2020), DE 15 at p. 6. The Court further explained the key analysis to consider was whether the defendant is reasonably certain to be informed of the pending lawsuits so that it can present its objections and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id.* at 7-8; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of foreign company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. Counsel of foreign company); *Alu, Inc. v. Kupo Co.,* No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a foreign corporation). Email is not only a permissible means of alternative service but has been considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign defendant. *Rio Properties, Inc.*, 284 F.3d at 1018.

In the present case, Messrs. Michael E. Jones and Brian Paul Gearing, have represented Defendant with respect to cases filed against Defendant in the United States. Emailing Mr. Jones

and Gearing will thus apprise Defendant of this action—satisfying Rule 4(f)(3). Accordingly, alternative service of process on Defendant is justified.

Further, NEC Corporation operates in the United States through a Texas-based subsidiary named NEC Corporation of America. *See* Exhibit B (website Texas Comptroller Public Accounts search results for NEC Corporation of America showing its address in Texas). Because court-ordered service on the foreign defendant may be, and is regularly, made on Defendant's domestic subsidiaries, Plaintiff should also be allowed to serve NEC Corporation by effectuating service on NEC Corporation's US subsidiary located in Texas as it will meet the constitutional threshold of due process and satisfy rule 4(f)(3). *See Affinity Labs*, 2014 WL 11342502, at *4; *see also* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on Defendant NEC Corporation through (1) e-mail upon U.S. counsel for Defendant and/or (2) through service on NEC Corporation's U.S. subsidiary pursuant to Rule 4(f)(3).

Dated: December 3, 2020             Respectfully submitted,


                                    /s/ Isaac Rabicoff
                                    Isaac Rabicoff
                                    **Rabicoff Law LLC**
                                    5680 King Centre Dr, Suite 645
                                    Alexandria, VA 22315
                                    (773) 669-4590
                                    isaac@rabilaw.com

                                    **Counsel for Plaintiff**
                                    **WSOU Investments, LLC d/b/a Brazos Licensing and**
                                    **Development**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on December 3, 2020, via the Court's CM/ECF system.


/s/ *Isaac Rabicoff*
Isaac Rabicoff