**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development**, | Case No.: 6:20-cv-00923-ADA |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| **NEC Corporation**, | |
| Defendant. | |

### NEC CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant NEC Corporation ("NEC"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint for Patent Infringement (ECF No. 1) (hereinafter "Complaint") filed by WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") on October 7, 2020, as follows.  Paragraph numbers 1–20 below correspond to the paragraph numbers in the Complaint to which they respond.  NEC denies all allegations of the Complaint that are not expressly admitted below.

### PARTIES

1.      NEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.      Admitted.

### JURISDICTION

3.      NEC admits that the Complaint purports to set forth a cause of action under the patent laws of the United States, but denies any liability thereunder.  NEC denies any remaining allegations of Paragraph 3 of the Complaint.

4.      NEC admits that 28 U.S.C. §§ 1331 and 1338(a) generally confer subject-matter jurisdiction on this Court over actions for patent infringement.  The remainder of Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5.      NEC denies that it has engaged in systematic and continuous business activities in this District.  NEC denies that it has committed or continues to commit acts of patent infringement.  The remainder of paragraph 5 of the Complaint states a legal conclusion to which no response is required.  NEC denies any remaining allegations of Paragraph 5 of the Complaint.

## VENUE

6.      NEC denies that it has committed acts of patent infringement in this District, and NEC denies that it has an established place of business in this District.  The remainder of paragraph 6 of the Complaint states a legal conclusion to which no response is required.  NEC denies any remaining allegations of Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7.      NEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies them.

## THE '103 PATENT

8.      NEC admits that, on its face, the '103 patent is entitled "Dynamic methods for improving a wireless network."  NEC admits that, on its face, the '103 patent indicates that it issued on August 18, 2009.  NEC admits that, on its face, the '103 patent indicates a filing date of June 30, 2005.  NEC admits that a purported copy of the '103 patent is attached to the Complaint as Exhibit 1.  To the extent that Paragraph 8 of the Complaint includes any other allegations, NEC denies those allegations.

9.      NEC denies that the '103 patent was duly or legally issued by the United States Patent Office or that it claims any patentable invention.  NEC denies any remaining allegations of Paragraph 9 of the Complaint.

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '103 PATENT

10.     NEC incorporates the above paragraphs herein by reference.

11.     NEC denies the allegations set forth in Paragraph 11 of the Complaint.

12.     NEC denies the allegations set forth in Paragraph 12 of the Complaint.

13.     NEC admits that it received Plaintiff's Complaint and that the Complaint alleges patent infringement, but NEC denies that Plaintiff has provided sufficient notice of its infringement allegations for the '103 patent.  To the extent that Paragraph 13 of the Complaint includes any other allegations, NEC denies those allegations.

14.     NEC denies the allegations set forth in Paragraph 14 of the Complaint.

15.     NEC denies the allegations set forth in Paragraph 15 of the Complaint.

16.     NEC denies the allegations set forth in Paragraph 16 of the Complaint.

17.     NEC admits that Exhibit 2 of the Complaint includes charts purporting to compare the Exemplary '103 Patent Claims to the Exemplary Defendant Products, but denies that the Exemplary Defendant Products infringe any valid and enforceable claim of the '103 patent.  To the extent that Paragraph 17 of the Complaint includes any other allegations, NEC denies those allegations.

18.     NEC admits that Paragraph 18 of the Complaint purports to incorporate by reference the claim charts included in Exhibit 2 of the Complaint, but denies that the Exemplary Defendant Products therein infringe any valid and enforceable claim of the '103 patent.  To the extent that Paragraph 18 of the Complaint includes any other allegations, NEC denies those allegations.

19.      NEC denies the allegations set forth in Paragraph 19 of the Complaint.

## JURY DEMAND

20.      NEC admits that Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

NEC denies that Plaintiff is entitled to any of the relief it seeks in Paragraphs (A) through (F) of its Prayer for Relief, or any relief whatsoever.  NEC denies any and all remaining allegations in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, NEC alleges and asserts the following defenses, affirmative or otherwise, in response to the allegations of the Complaint.  In addition to the defenses described below, NEC expressly reserves the right to assert any other legal or equitable defenses that may now exist or in the future be available based on discovery and further investigation in this case.

## FIRST DEFENSE – NON-INFRINGEMENT

NEC does not infringe and has not infringed any valid and enforceable claim of the '103 patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## SECOND DEFENSE – INVALIDITY

Each and every asserted claim of the '103 patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE – PROSECUTION ESTOPPEL

By virtue of statements made, amendments made, or positions taken during the prosecution of the '103 patent and/or related patents or patent applications, Plaintiff is estopped

from construing any claim of the '103 patent to cover or include, either literally or under the doctrine of equivalents, any NEC product, system, or process.

### FOURTH DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE – EQUITABLE DEFENSES

On information and belief, Plaintiff is barred, in whole or in part, by the equitable doctrines of waiver, implied waiver, acquiescence, estoppel and/or other equitable remedies.

### SIXTH DEFENSE – LICENSE

Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are subject to an express or implied license and/or pursuant to the doctrine of patent exhaustion.

### SEVENTH DEFENSE – SUIT BARRED

Plaintiff's claims are barred to the extent they relate to activities that have been licensed or otherwise released from claims of infringement relating to the asserted patents.

### EIGHTH DEFENSE – LIMITATION ON DAMAGES

On information and belief, Plaintiff's right to recover damages, attorneys' fees, or costs, if any, is limited, included without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

### NINTH DEFENSE – NO ATTORNEYS' FEES

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against NEC under 35 U.S.C. § 285 or otherwise.

### TENTH DEFENSE – GOVERNMENT SALES

To the extent sales to the U.S. government are implicated, Plaintiff's right to recover is limited by 28 U.S.C. § 1498.

## OTHER APPLICABLE DEFENSES

NEC expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

### NEC'S PRAYER FOR RELIEF

WHEREFORE, NEC denies that Plaintiff is entitled to any of the relief sought in its Complaint or otherwise and, accordingly, respectfully requests the following relief:

A.     The entry of judgment in favor of NEC, and against Plaintiff, with Plaintiff being awarded no relief of any kind sought in its Complaint or otherwise;

B.     The entry of a permanent injunction, enjoining Plaintiff and its successors, attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '103 patent against NEC, or any of its customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns;

C.     A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and any other applicable statute or contractual provision, and an award to NEC of its reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

D.     An award to NEC of such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 9, 2021

Respectfully submitted,

*/s/ Hilda C. Galvan*
Hilda C. Galvan
Lead Attorney
Texas State Bar No. 00787512
Email:  hcgalvan@jonesday.com
JONES DAY
2727 N. Harwood Street, Suite 500
Dallas, TX 75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

*Attorneys for Defendant NEC*
*Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on March 9, 2021.


By:  */s/ Hilda C. Galvan*
     Hilda C. Galvan